**In re Petition for DISCIPLINARY ACTION AGAINST Shelden M. VIE, an Attorney at Law of the State of Minnesota.**

No. C0-88-1392.

Supreme Court of Minnesota.

Nov. 30, 1990.

ORDER

On August 24, 1988, this court indefinitely suspended the petitioner, Shelden M. Vie, from the practice of law, with the right to apply for reinstatement after 21 months. 428 N.W.2d 565. On May 29, 1990, 21 months after his suspension, the petitioner filed a petition for reinstatement. A Panel of the Lawyers Professional Responsibility Board held a hearing on the petition and thereafter issued its findings of fact, conclusions of law and Panel recommendation. The Panel recommends that this court reinstate the petitioner, subject to certain conditions. In separate letters to this court, the Director of the Office of Lawyers Professional Responsibility and

the petitioner stated that they accepted the Panel's findings and recommendation and waived further proceedings in this matter.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition for reinstatement and the Panel recommendation, NOW ORDERS:

1. That the petitioner, Shelden M. Vie, hereby is reinstated to the practice of law and is placed on indefinite probation.

2. That the petitioner's reinstatement is conditioned on the petitioner's successful completion of his criminal probation, which petitioner shall evidence by filing with the Clerk of Appellate Courts, a certified copy of the trial court's order discharging petitioner from probation.

3. Upon filing of the certified copy of the trial court's order discharging petitioner from probation, petitioner shall be placed on indefinite probation, the conditions of which shall be as follows:

a. The petitioner shall remain abstinent from all mood altering chemicals and shall attend weekly Alcoholics Anonymous meetings.

b. The petitioner shall abide by the Minnesota Rules of Professional Conduct and cooperate fully with the Director's Office in its effort to monitor the petitioner's compliance with this probation. The petitioner shall respond promptly to any correspondence from the Director's Office by the due date or within 10 days of the date of said correspondence.

c. The petitioner shall cooperate with the Director's Office in its investigation of any allegations of unprofessional conduct involving the petitioner which may come to the attention of the Director's Office.

d. The petitioner shall provide authorizations for release of information and other requested information and documentation to the Director's Office which the Director's Office may request in order to verify the petitioner's compliance with the terms of this probation.

3. That the petitioner may petition for termination of this probation after 2 years from the date of this order, but only if the petitioner has complied with the conditions of probation stated above.